J-S57023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| HOWARD MITCHELL | |
| Appellant | No. 1405 EDA 2017 |

Appeal from the Order Dated April 6, 2017
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0005241-2004

BEFORE: PANELLA, J., SOLANO, J., and MUSMANNO, J.

MEMORANDUM BY SOLANO, J.:                **FILED NOVEMBER 14, 2017**

*Pro se* Appellant Howard Mitchell,[1] appeals from the order dismissing his fourth Post Conviction Relief Act (PCRA) petition, which he styled as a petition for *habeas corpus*.  We affirm.

We need not state the facts in length.  According to the PCRA court:

> On April 31, 2004[, Appellant] committed armed robbery at a Radio Shack store in Upper Darby, PA.  He entered the store, robbed two employees at gunpoint and fled with, *inter alia*, the store manager's wallet, over $1,000.00 in cash, and a Cannon Video Camcorder.  A radio call went out and plain clothes police officers in the immediate area approached [Appellant], who matched the description of the robber.  [Appellant] attempted to flee but he was apprehended.  He had a fully loaded handgun, a large sum of cash, the store manager's wallet, a bag containing controlled substances and his own photo identification card and the stolen Cannon Camcorder in his possession.  The gun he possessed was reported stolen . . . .  This incident gave rise to a

---

[1] Appellant is also known as Mitchell Howard, and the record reflects dispositions under that alias.

plethora of robbery and theft charges and alleged violations of The Controlled Substance, Drug, Device and Cosmetic and Uniform Firearms Acts.

PCRA Ct. Op., 10/28/14, at 1.

In 2005, Appellant pled guilty and was sentenced as a "third strike" offender pursuant to the Three Strikes Law following his armed robbery of two victims . . . . Thereafter, in 2006, Appellant filed a PCRA petition wherein he successfully contended his sentence had been illegal. The sentencing court vacated Appellant's original mandatory minimum sentence of twenty-five (25) years to fifty (50) years' imprisonment and imposed a new sentence of fifteen (15) years to thirty (30) years in prison pursuant to a negotiated plea on February 20, 2007. On February 22, 2007, the sentencing court realized the second strike penalty was applicable to only one of the two robbery counts and vacated its February 20, 2007, sentence. Once again, Appellant entered a negotiated guilty plea . . . .

*Commonwealth v. Howard*, No. 3522 EDA 2008, at 1-2 (Pa. Super. Nov. 16, 2009). The trial court imposed an aggregate sentence of fifteen to thirty years' imprisonment. PCRA Ct. Op., 9/30/09, at 3.[2]

Appellant filed a timely PCRA petition in 2008, and the court appointed counsel. Counsel filed a motion to withdraw, which the PCRA court granted. Appellant appealed *pro se*, claiming that his first PCRA counsel was ineffective, the 15-30 year sentence was illegal, and the firearm charges merged with the robbery charges for purposes of sentencing. PCRA Ct. Op.,

---

[2] Specifically, the court imposed a 10-20 year sentence on one robbery count, a consecutive 5-10 year sentence for the second robbery count, and concurrent sentences of 18-36 months and 12-24 months for two firearms counts. N.T., 2/22/07, at 5-6.

- 2 -

9/30/09, at 24. This Court affirmed, rejecting each contention. *Howard*, No. 3522 EDA 2008, at 6.

In June of 2014, Appellant, *pro se*, filed his second PCRA petition, claiming that his sentence was illegal under *Alleyne v. United States*, 133 S. Ct. 2151 (2013). The PCRA court dismissed Appellant's petition as untimely, and this Court affirmed. *Commonwealth v. Howard*, No. 2790 EDA 2014, at 3.

On September 28, 2016, the court docketed Appellant's third PCRA petition, which alleged that the PCRA court's denial of his first PCRA petition was not a final order because counsel was ineffective. After issuing a Pa.R.Crim.P. 907 notice, the PCRA court dismissed the petition on October 3, 2016. Appellant appealed, but subsequently discontinued his appeal.

On January 27, 2017, the court docketed the petition that currently is before us, which Appellant styled as a petition for a writ of *habeas corpus*. The petition claimed that the PCRA court erred by denying Appellant's first PCRA petition, and that his appointed PCRA counsel was ineffective. Appellant also reiterated his claim that his 15-30 year sentence was illegal. The PCRA court issued a Rule 907 notice which, among other things, construed Appellant's petition as a fourth PCRA petition, and Appellant filed a response in opposition. The PCRA court dismissed Appellant's petition as untimely, and Appellant then filed this appeal. Appellant raises one issue: "Whether the trial court abused its discretion in dismissing Appellant's

Petition for Habeas Corpus Relief since his confinement is based on a PCRA proceeding that denied due process?" Appellant's Brief at 3.

The PCRA court construed Appellant's *habeas corpus* petition as a PCRA petition and then dismissed it because it failed to meet the jurisdictional requirements in the PCRA for the timely filing of a petition. We conclude that the PCRA court's disposition was correct. First, Appellant's petition was properly treated as a petition for relief under the PCRA:

> It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. 42 Pa.C.S. § 9542 . . . . Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of habeas corpus. Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a habeas corpus petition. . . . Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of habeas corpus.

*Commonwealth v. Taylor*, 65 A.3d 462, 465-66 (Pa. Super. 2013) (some citations and footnote omitted). Second, because this was a PCRA petition, the PCRA's time limits apply:

> The timeliness of a post-conviction petition is jurisdictional. Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition set forth in Section 9545(b)(1) of the statute.[4] A PCRA petition invoking one of these statutory exceptions must be filed within 60 days of the date the claims could have been presented. Asserted exceptions to the time restrictions for the PCRA must be included in the petition, and may not be raised for the first time on appeal. This Court's standard of review regarding an order dismissing a petition under the PCRA is to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.

<sup></sup>4 The three exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

*Commonwealth v. Furgess*, 149 A.3d 90, 93 & n.4 (Pa. Super. 2016) (quotation marks and most citations omitted).

Appellant contends the court erred by relying on first PCRA counsel's "no merit" letter and granting counsel's petition to withdraw. Appellant's Brief at 9. Appellant posits that this treatment violated due process, and thus brings his petition outside the scope of the PCRA. *Id.* at 10. He makes an unsupported claim that his PCRA counsel provided ineffective representation because counsel engaged in some unspecified fraud. *Id.* at 11-12.

After careful review of the record, the parties' briefs, and the decision of the Honorable James P. Bradley, we affirm on the basis of the PCRA court's decision. *See* PCRA Ct. Op., 5/11/17, at 3-6 (holding that

- 5 -

Appellant's claims in his petition for a writ of *habeas corpus* fall within the scope of the PCRA, and thus his petition should be construed as a PCRA petition; the instant PCRA petition was untimely; and "a claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits"). Because the PCRA court did not err, we affirm the order below. The parties are instructed to attach a copy of the PCRA court's decision to any pleadings that reference it.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/14/2017

**IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
CRIMINAL DIVISION**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | CP-23-CR-5241-2004 |
| | : | |
| vs. | : | |
| | : | |
| MITCHELL HOWARD A/K/A | : | |
| HOWARD MITCHELL | : | |

**A. Sheldon Kovach, Esquire, on behalf of the Commonwealth
Mitchell Howard, *pro se***

# O P I N I O N

**Bradley, J.**                                                    **FILED:** 5/11/17

Petitioner, Howard Mitchell, has filed a timely Notice of Appeal from the April 6, 2015 Order dismissing his untimely serial Post Conviction Relief Act (PCRA) petition.

On April 31, 2004 the Petitioner, Mitchell Howard, committed armed robbery at a Radio Shack store in Upper Darby, PA. He entered the store, robbed two employees at gunpoint and fled with, *inter alia*, the store manager's wallet, over $1,000.00 in cash, and a Cannon Video Camcorder. A radio call went out and plain clothes police officers in the immediate area approached the Petitioner, who matched the description of the robber. Petitioner attempted to flee but he was apprehended. He had a fully loaded handgun, a large sum of cash, the store manager's wallet, a bag containing controlled substances and his own photo identification card and the stolen Cannon Camcorder in his possession. The gun he possessed was reported stolen in July of 2004. This incident

gave rise to a plethora of robbery and theft charges and alleged violations of The Controlled Substance, Drug, Device and Cosmetic and Uniform Firearms Acts.

Petitioner pled guilty to armed robbery and related offenses and was sentenced as a "third strike" offender on May 3, 2005. In 2006 pursuant to the Post Conviction Relief Act he brought a successful claim challenging the legality of the mandatory minimum sentence imposed. The PCRA court found that the sentence imposed was illegal and on February 22, 2007 he again pled guilty and was sentenced to an aggregate of fifteen to thirty years of incarceration. This sentence included a mandatory minimum sentence as a second time offender pursuant to 42 Pa.C.S.A. § 9714, Sentences for second and subsequent offenses, for one of the two robberies.

On February 13, 2008 Petitioner filed a *pro se* PCRA petition. Counsel was appointed. Appointed counsel filed an application to withdraw accompanied by a "no merit" letter. The PCRA Court gave Petitioner notice of its intent to dismiss the PCRA petition on November 6, 2008. On November 26, 2008 the PCRA petition was dismissed and counsel's application to withdraw was granted. Petitioner filed a timely appeal and the order of the PCRA court was affirmed by the Superior Court on November 16, 2009.

On June 23, 2014 Petitioner filed a second PCRA petition. The petition alleged that the sentence imposed on February 22, 2007 is illegal in light of Alleyne v. United States, 133 S.Ct. 2151 (2013). *Alleyne* was decided on June 17, 2013. The Court gave Petitioner notice of its intent to dismiss without a hearing and, after considering the Petitioner's response, the petition was dismissed on September 3, 2014. Petitioner filed a timely Notice of Appeal on September 26, 2014. The Superior Court affirmed the

2

PCRA Court's conclusion that the petition was untimely on May 1, 2015. In its Opinion in support the appellate court adopted the reasoning of the PCRA court. A Petition for Allowance of Appeal was denied by the Pennsylvania Supreme Court on November 10, 2015.

On September 28, 2016 a third PCRA petition was filed. It alleged that the Order dismissing the 2014 PCRA petition was not a "final order" and that PCRA counsel was ineffective in his representation. On October 24, 2016 the third PCRA petition was dismissed. Petitioner appealed from the dismissal. On January 10, 2017 the appeal was discontinued.

The petition that is before the court was filed on January 27, 2017. Although Petitioner names this document a "petition for habeas corpus," the claim set forth therein falls within the purview of the PCRA. Specifically, Petitioner challenges the propriety of the dismissal of his 2008 petition following appointed counsel's withdraw upon submission of an application to withdraw and "no-merit" letter. Petitioner alleges, without factual support, that in 2008 appointed counsel perpetrated a fraud.

A claim challenging PCRA counsel's stewardship is properly raised in response to appointed counsel's application to withdraw and "no-merit" letter or a the court's Notice of Intent to Dismiss. See e.g. Commonwealth v. Pitts, 981 A.2d 875 (Pa. 2009); Commonwealth v. Ford, 44 A.3d 1190 (Pa. Super. 2012). An objection to the propriety of the "no-merit" letter that was filed in 2008 PCRA proceedings would have been properly raised in a timely matter in a response to the Notice of Intent to Dismiss that was entered on November 6, 2008. The PCRA subsumes all forms of collateral relief,

3

including habeas corpus, to the extent that a remedy is available under such enactment. See Commonwealth v. Judge, 916 A.2d 511, 520 (Pa. 2007) *citing* Commonwealth v. Peterkin, 722 A.2d at 638 (Pa. 1998).

Section 9543 of the PCRA provides, *inter alia,* that to be eligible for relief a petitioner must plead and prove by a preponderance of the evidence that his conviction resulted from one or more of the enumerated errors or defects set forth in the Act. See e.g. Commonwealth v. Carpenter, 725 A.2d 154 (Pa. 1999). Before a court may consider any PCRA claim for relief the jurisdictional time requirements of the Act must be satisfied. Section 9545 of the PCRA "Jurisdiction and Proceedings," provides in pertinent part:

> (b) Time for filing petition.--
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.
>
> (3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme

4

Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

(4) For purposes of this subchapter, "government officials" shall not include defense counsel, whether appointed or retained.

42 Pa.C.S.A. § 9543(b).

The time limits set forth in Section 9543 of the PCRA implicate the jurisdiction of the court. Commonwealth v. Marshall, 947 A.2d 714 (Pa. 2008). The period for filing a PCRA petition is not subject to the doctrine of "equitable tolling." The time for filing a PCRA petition can be extended only if the PCRA permits it to be extended through one of the statutorily enumerated exceptions to the PCRA time-bar. Commonwealth v. Mitchell, 141 A.3d 1277, 1284 (Pa. 2016). "[T]he one-year time limit for bringing a petition under the PCRA cannot be circumvented by construing an untimely, serial PCRA petition as if it were an 'extension' of a timely, but previously dismissed, first PCRA petition in cases where an appeal was taken from the denial of the first petition but the Superior Court ultimately dismissed the appeal when the PCRA appellant failed to file a brief." Commonwealth v. Robinson, 837 A.2d 1157 (Pa. 2003). Further, a claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits. See Commonwealth v. Robinson, supra,; Commonwealth v. Gamboa-Taylor, 753 A.2d 780, 785 (Pa. 2000); Commonwealth v. Pursell, 749 A.2d 911, 915 (Pa. 2000); Commonwealth v. Lark, 746 A.2d 585, 589-90 (Pa. 2000). This well-settled principle is applicable in this case.

Petitioner was sentenced on February 22, 2007. No post-sentence motions were filed and no appeal was taken from judgment of sentence. Judgment of sentence

5

became final on March 24, 2007, giving Petitioner to March 24, 2008, or one year after the date judgment of sentence became final to challenge the legality of sentence. See Commonwealth v. Fowler, 930 A.2d 586 (Pa. Super. 2007); Commonwealth v. Vega, 754 A.2d 714 (Pa. Super. 2000). The petition *sub judice* is untimely on its face and Petitioner has failed to plead facts that if proven satisfy an exception to the one-year time requirement and the establish the jurisdiction of the court.

BY THE COURT:

James P. Bradley,                                    J.

2017 MAY 11 PM 2: 07

FILED